IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DOSHEE SWAN TOWERY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO.  5:21-CV-00064-RWS |
| v. | § | |
| | § | |
| JOHN F. MILLER, JR., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is the Report and Recommendation of the United States Magistrate Judge (Docket No. 17), which contains her findings, conclusions and recommendation for the disposition of this matter.  Plaintiff Donshee Towery, an inmate proceeding *pro se*, filed the above-captioned civil action complaining of alleged violations of his constitutional rights under 42 U.S.C. § 1983.  Docket Nos. 1, 14.[1]  The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636 and the applicable orders of this Court.  After reviewing the pleadings and evidence, the Magistrate Judge issued a Report recommending the lawsuit be dismissed with prejudice.  Docket No. 17.  Plaintiff filed objections in response thereto.  Docket No. 19.  The Court hereby adopts the Report and Recommendation of the Magistrate Judge (Docket No. 17) as the findings and conclusions of this Court.

Plaintiff alleges the Defendant, Judge John F. Miller, Jr., signed an order granting an instructed verdict of not guilty at Plaintiff's criminal trial before the trial concluded.  Docket

---

[1] On May 19, 2021, Plaintiff filed his original complaint under 42 U.S.C. § 1983 (Docket No. 1).  On August 2, 2021, Plaintiff filed a Motion for Leave to File an Amended Claim (Docket No. 14) and attached an amended complaint thereto (Docket No. 14-1).  The Magistrate Judge's Report and Recommendation addresses the issues presented in both Plaintiff's original and amended complaints, including the claims for relief requested therein.  The Court, therefore, presumes Plaintiff's Motion for Leave to File an Amended Claim (Docket No. 14) is granted.

No. 1 at 4. Plaintiff argues that the signing of this order ended the trial at that time.[2] Docket 19 at 5. Plaintiff states that his trial continued, however, and he was ultimately found guilty. Docket 1 at 4. Plaintiff appealed his conviction. *Id.* at 7. On January 22, 2008, after Plaintiff filed his appeal, Judge Miller sent a letter to the clerk of court stating the instructed verdict was inadvertently granted. Plaintiff contends that, in doing so, Judge Miller "created [a] legal fiction of clerical error by fraud" to justify continuing with the trial. *Id.* at 7–8; *see also* Docket No. 19 at 3. The Texas Sixth Judicial District Court of Appeals affirmed Plaintiff's conviction. Docket 17 at 2. Plaintiff now seeks $1 million in damages for every month he has been wrongfully incarcerated, as well as the restoration of his rights under the Constitution, which he asserts Judge Miller violated. Docket No. 14 at 6.

The Magistrate Judge's Report first notes that Plaintiff's claims for monetary damages "appear to be barred by the doctrine of judicial immunity." Docket No. 17 at 4. "As a general rule, judges have absolute immunity from suit for actions taken in their judicial capacity. Such immunity does not apply in two circumstances: where the challenged action is not taken in the judge's judicial capacity, and where the action, though judicial in nature, is taken in the complete absence of all jurisdiction." *Id.* (citations omitted). Plaintiff's responsive objections contend that, inter alia, Judge Miller's actions were not taken in his judicial capacity because the January 22 letter was allegedly fraudulent and "[t]he United States Constitution does not permit judicial (or other) officers to commit fraud in their official capacity." Docket No. 19 at 3–4. Plaintiff also contends that Judge Miller's actions were taken without jurisdiction because "the supplemental findings of the trial court were made after the trial records [were] received by the court of appeals." *Id.* at 2. Plaintiff asserts that once the Court of Appeals received the factual record, including the signed order granting the instructed verdict, the appellate court "had no choice but to dismiss the appeal due to want of jurisdiction" and "order the trial court to immediately discharge Plaintiff of any further liability." *Id.* at 3.

---

[2] Plaintiff's complaint and responsive objections further contend that, once the order granting the instructed verdict was signed, jeopardy attached and all further proceedings were a nullity. Docket No. 1 at 6–12, Docket No. 19 at 3.

Although the Magistrate Judge discusses judicial immunity in her Report, her recommendation does not, however, turn on this issue. Docket No. 17 at 5. The Magistrate Judge declined, for example, to address the question of "whether allegations of fraud and falsification of records by a state district judge show action in the clear absence of all jurisdiction." *Id.* Thus, the Court declines to address Plaintiff's objections regarding judicial immunity. Rather, the Magistrate Judge found that Plaintiff's action is ultimately barred by Supreme Court precedent—*Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.*

As noted in the Magistrate Judge's Report, and as is set forth in *Heck*, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a § 1983 plaintiff must show the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486–87; *see also* Docket No. 17 at 5. Plaintiff argues that *Heck* is not applicable because his conviction was adjudged after the entry of the instructed verdict. Docket No. 19 at 4–6. Thus, he asserts the conviction is void, not voidable, and there is no conviction to overturn. *Id.* The Magistrate Judge observed that on direct appeal, however, the appellate court determined that the order granting the instructed verdict had been inadvertently entered through a clerical error, which was subsequently corrected to reflect that the motion for instructed verdict was denied. Docket No. 17 at 2. The judgment of conviction was therefore affirmed. *Id.*

Plaintiff has also previously challenged his conviction in state and federal habeas corpus proceedings, to no avail. Docket No. 17 at 3. Plaintiff's contentions here essentially repeat the arguments he made in his state and federal habeas corpus proceedings. *Id.* Plaintiff's claims have, therefore, been rejected by every court to address them. *Id.* The mere assertion that a conviction is void, absent any judicial finding to that effect, cannot surmount the *Heck* bar. *See Bernegger v. Grimmet*, 562 F.App'x 219 (5th Cir. 2014) (finding *Heck* applied even where plaintiff argued that fraud by the court rendered his conviction void); *see also Eldred v. Prince*,

No. 5:17-CV-12, 2017 WL 4053851 (E.D. Tex. Sept. 14, 2017) (finding plaintiff's assertion that the trial court lacked jurisdiction and the conviction was therefore void did not overcome the *Heck* bar).  Because Plaintiff has not satisfied the standard set forth in *Heck*, the Magistrate Judge recommends dismissal of the lawsuit until Plaintiff can show his conviction had been overturned, expunged or otherwise set aside.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected.  *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit.  It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 17) is **ADOPTED** as the opinion of the District Court.  It is further

**ORDERED** that the above-captioned civil action is **DISMISSED WITH PREJUDICE** until such time as Plaintiff can show his conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding or called into question through the issuance of a federal writ of habeas corpus.  It is further

**ORDERED** that any and all motions currently pending in this civil action are hereby **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 17th day of February, 2022.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE